### PEOPLE ex rel. JAMES et al. v. GILON et al., Assessors.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

MUNICIPAL IMPROVEMENTS—ASSESSMENTS—CERTIORARI—REVIEW.
>  Laws N. Y. 1880, c. 269, § 2, providing that *certiorari* shall not stay the proceedings of the assessors or other officers to whom the assessment roll has been delivered, does not prevent a review by *certiorari* of the action of assessors of the expense of paving a public street, though the assessments have been transmitted to the board of correction and revision.

*Certiorari* to review the decision by the board of assessors, refusing to assess the horse railroad structure in Tenth avenue, New York city, belonging to and operated by the Ninth Avenue Railroad Company, for paving Tenth avenue, including the space between and about its tracks.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Truman H. Baldwin,* for relators. *G. L. Sterling,* for respondents.

DANIELS, J.  The expenses of paving the avenue were to no extent whatever assessed against the Ninth Avenue Railroad Company, which owned and operated a street railroad through that part of Tenth avenue, brought in question by this proceeding; but it was wholly assessed among the owners and occupants of houses and lots considered to be benefited by the pavement.  As to these facts, and the reasons for omitting the property of the company in the avenue, the assessors have returned that there were and are in said avenue, between Seventy-Fourth and One Hundred and Tenth streets, a double line of tracks used and operated by a horse railroad company, claimed to be the Ninth Avenue Railroad Company, and the avenue has been paved between and about the said railroad tracks, and the amount thereof included in the above gross amount of paving done on said avenue, and assessed upon said houses and lots as aforesaid.  The board of assessors have not assessed the said railroad company, nor the road-bed and structure of the said railroad, because, in their opinion, said road-bed and structure have not been benefited, and are not, under the laws of this state, assessable for a local improvement of this character.  And they thereby literally followed the resolution of the common council by which the pavement was ordered.  In form it followed section 185, c. 86, Laws 1813, which has since been included in chapter 410, Laws 1882, as section 878.  But this section, since its enactment, has been changed by more recent legislation, directing that the expenses of local improvements, including the pavement of streets and avenues of the city, shall be assessed upon the property benefited by the improvement.  Chapter 410, Laws 1882, §§ 868, 899.  That enlarged the range of the property to be assessed for expenses, from the owners and occupants of the houses and lots mentioned in this section of the act of 1813, to all property benefited by the improvement.  Laws 1882, c. 410, §§ 899, 868, subd. 2.  And it was upon all that property that the assessors were directed, by this change in the law, to assess the expenses of this pavement.  That was the paramount and mandatory authority it had in this manner been made their duty to follow, and in its performance they were left with no discretion.  Justice and equality required this distribution of the expenses, and these changes from the language of the old law were intended to secure that end.  They were well expressed to promote that result, and no other intention can be fairly inferred from what had been made the law previous to the time of these assessments.  The old law was made a part of the act to consolidate into one act the laws affecting the city of New York, only as it had been necessarily changed by the later legislation, also made a part of that act, making all the property benefited by the improvement assessable for its expenses, and in that manner it should be carried into effect; for a preceding law remains in force, after later legislation on the same subject, only as it may have been modified or necessarily changed by that legislation.  This railroad was so far improved by the pavement as that had included the spaces between its rails and its tracks.  That was a substantial benefit to the property of the railway company, as it had been permanently located in the avenue; and, for the expenses of conferring that benefit, the owners and occupants of the houses and lots were not legally or justly liable to pay.  As well might the property in one block or on one side of the avenue be charged with the whole expense of the pavement.  The principle that will permit one will support the other; but it cannot be sanctioned, as long as the constitution does not allow one person's property to be taken to pay the debt or extinguish the obligation of another.  The law has been wisely framed to avoid that injustice, and to make all property benefited by the improvement bear its proportionate part of the expenses incurred; and the assessment on the relators and their property should have conformed to its principles and intent, by excluding from it the expense of so much of the improvement as benefited the property of the railway company in the avenue.  The fact that the assessments had been transmitted to

the board of correction and revision forms no legal obstacle in the way of reviewing the action of the assessors, for, by section 2, c. 269, Laws 1880, it has been declared that "a writ of *certiorari* allowed under this act shall not stay the proceedings of the assessors or other officers to whom it is directed, or to whom the assessment roll may be delivered to be acted upon, according to law." For the reasons given, and others contained in the opinion in the case of *People* v. *Gilon, ante*, 439, the proceedings should be reversed, with directions to the assessors to charge against the owners and occupants of the houses and lots no part of the expenses of so much of the pavement as benefited the property of the railway company permanently located in and made a part of the avenue, and to assess against the houses and lots, and the owners or occupants thereof, no more than their proportionate part of the expenses of the pavement, for the benefit received by them and their property from the pavement.

BRADY, J., concurs.

VAN BRUNT, J., dissents.